**CONRAD, O'BRIEN, GELLMAN & ROHN P.C.**
1515 Market Street, 16th Floor
Philadelphia, PA 19102
(215) 864-9600
Attorneys for Defendants Abby F. Kohnstamm and Sarah F. Kohnstamm

| | | |
|---|---|---|
| SENSIENT COLORS INC., | : | UNITED STATES DISTRICT COURT |
| | : | SOUTHERN DISTRICT OF NEW YORK |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Case No.  07 CIV 7846 (LAP) |
| | : | |
| ABBY F. KOHNSTAMM; PETER L. | : | CIVIL ACTION |
| KOHNSTAMM; SARAH F. | : | |
| KOHNSTAMM; ELIZABETH K. | : | (Filed Electronically) |
| OGDEN; RICHARD L. OGDEN; | : | |
| THOMAS H. OGDEN; JOHN DOE | : | |
| INDIVIDUALS 1-20 (fictitious | : | |
| names); and ABC COMPANIES 1-20 | : | |
| (fictitious names), | : | |
| | : | |
| Defendants. | : | |

## REPLY MEMORANDUM OF DEFENDANTS ABBY AND SARAH KOHNSTAMM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

January 15, 2008

Defendants Abby F. Kohnstamm and Sarah F. Kohnstamm submit this separate Reply Memorandum in support of the Motion to Dismiss the Amended Complaint of Plaintiff Sensient Colors, Inc. ("Sensient Colors" or "Plaintiff"), formerly known as H. Kohnstamm & Co., Inc. ("H. Kohnstamm"). Abby and Sarah Kohnstamm also join the principal Reply Memorandum filed on behalf of the other defendants in this case.

This separate Memorandum responds to the entirely unsupported suggestion in Plaintiff's Memorandum that Abby Kohnstamm, along with her husband Peter (also a defendant in this case) acted wrongfully and committed fraud in connection with the "1988 Transaction" involving the sale of stock of H. Kohnstamm.[1] Pointing specifically to the fact that Abby and Peter Kohnstamm elected not to receive shares of General Color Company as part of the 1988 Transaction, Plaintiff contends that "these Defendants' refusal to accept General Color stock was itself a wrongful act which had the effect of rendering the NJDEP application false and fraudulent and breaching their obligations under the Shareholders Agreement." (Pl. Mem. 23; see also id. at 1, 8-9, 10, 31-32).

For the reasons set out in the Reply Memorandum filed on behalf of other defendants, this allegation does not satisfy the pleading requirements of Fed. R. Civ. P. 9(b) or, to the extent applicable, Fed. R. Civ. P. 8(a). The Complaint notably contains no other allegations specifically mentioning Abby or Peter Kohnstamm. Thus, the Complaint does not allege they had any personal involvement in the 1988 Transaction other than passively as minority shareholders of H. Kohnstamm. Similarly, notwithstanding that Plaintiff's allegation of fraud and wrongdoing centers on the application submitted by counsel for H. Kohnstamm to the NJDEP, the Complaint

---

[1] Abby and Peter Kohnstamm are legally separated. Peter is represented in this case by counsel for the remaining Defendants. As noted in Plaintiff's brief (at 8 n.5), Sarah is their daughter, who was a minor at the time of the 1988 Transaction.

does not allege that Abby or Peter Kohnstamm had any direct or indirect involvement in preparing or submitting that application. In fact, the Complaint does not allege that either Abby or Peter Kohnstamm knew anything about the NJDEP application, or that either of them ever even saw the NJDEP application or the NJDEP's response. Thus, Plaintiff's serious charge of fraud and wrongdoing against Abby and Peter Kohnstamm is based solely on the neutral fact that they elected not to receive shares of General Color, with no other supporting allegations whatsoever.

Moreover, based on the proceedings in the New Jersey litigation, it is evident that Plaintiff cannot credibly supply any additional facts to support its charge of fraud and wrongdoing. Prior to the dismissal of the third party complaint filed by Sensient Colors in that case, Abby and Peter Kohnstamm (along with the other third party defendants in the New Jersey case) supplied certifications followed by answers to interrogatories propounded by Sensient Colors. Those certifications and interrogatory answers, which were filed with the New Jersey court as part of the record on the motion to dismiss Sensient Colors' third party claims, may properly be supplied to this Court in connection with the pending motion to dismiss. 5-Star Management, Inc. v. Rogers, 940 F. Supp. 512, 518-19 (E.D.N.Y. 1996) (on motion to dismiss under Fed.R.Civ.P 12(b)(6), court can take judicial notice of motion papers filed in another proceeding between the same parties).

Attached hereto as Appendix A is a copy of the Certification of Abby F. Kohnstamm dated 11/28/05 (supplied to the New Jersey court by the moving third party defendants on their motion to dismiss), and attached as Appendix B is a copy of the Answers of Third Party Defendant Abby F. Kohnstamm to Sensient Colors Inc.'s Interrogatories, sworn to on 12/30/05 (supplied to the New Jersey court by Sensient Colors in opposition to said motion to dismiss).

As noted in <u>Rogers, supra</u>, this Court is not required to accept these documents for the truth of their contents. However, the following sworn statements by Ms. Kohnstamm highlight and underscore the glaring lack of supporting allegations for the very serious charge of fraud and other wrongdoing suggested in Plaintiff's Complaint:[2]

- Abby Kohnstamm received a gift of 100 shares of stock of H. Kohnstamm in or about 1978, or approximately 1/100 of one percent of the company's shares. (Certif. ¶ 10).

- Abby was never employed by H. Kohnstamm, had no involvement at any time in any business activity of H. Kohnstamm, and had no ability at any time to control or direct the company's management in any aspect of its business. (Certif. ¶ 11).

- Abby was not consulted by H. Kohnstamm on any aspect of the 1988 Transaction. She has no recollection of ever seeing the 1988 Transaction Agreement (Amended Complaint Ex. A) prior to the New Jersey litigation, nor did she execute a copy of it in connection with the 1988 Transaction. (Certif. ¶¶ 13-16; Interrog. 1).

- Abby had no involvement of any kind in the application submitted by H. Kohnstamm to the NJDEP. She was not consulted concerning that application or any statements therein, and has no recollection of seeing the correspondence with the NJDEP prior to the start of the New Jersey litigation. (Certif. ¶ 18).

- In late 1988 or early 1989, Abby and Peter Kohnstamm advised outside counsel for H. Kohnstamm that they did not wish to receive shares of General Color Company, nor should such shares be issued to their then-minor daughter Sarah. The basis for that decision was their general awareness that the stock of H. Kohnstamm was being acquired by a company known as Universal (the parent of Sensient Colors); that Universal had expressed concerns regarding possible environmental claims involving certain properties owned by H. Kohnstamm,

---

[2] Peter Kohnstamm submitted a substantially similar certification and answers to interrogatories, which were also supplied to the New Jersey court.

which were to be transferred to General Color[3]; and that they did not wish to become shareholders of General Color since it would be the owner of the same property that Universal declined to acquire. (Certif. ¶ 17; Interrog. 3-6).

- Abby had no first or second hand knowledge of any actual or potential environmental liabilities relating to the General Color property, nor was she aware of the factual or legal basis for the concerns Universal had expressed about owning those properties. (Interrog. 3, 4, 6).[4]

- Abby signed a copy of the "Shareholders Agreement" (Amended Complaint Ex. B) at the express direction of outside counsel for H. Kohnstamm. Counsel instructed Abby and Peter to sign it even though they would not be receiving shares of General Color, because the Shareholders Agreement also concerned Universal's shares that were to be issued to them as former minority shareholders of H. Kohnstamm. (Interrog. 7-8).

Respectfully submitted,

**CONRAD, O'BRIEN, GELLMAN & ROHN, P.C.**
Attorneys for Defendants Abby F. Kohnstamm and Sarah F. Kohnstamm

By: _Robert N. Felton_
        Robert N. Feltoon

---

[3] Plaintiff's opposition papers to this Motion include a portion of the Prospectus/Proxy Statement issued by H. Kohnstamm to its shareholders. As stated in that document, "Universal Foods decided not to acquire [the Camden, NJ facility] because of [Universal's] concern over contingent liabilities that might be asserted against the owner of the Camden facility, including environmental claims that might arise under ECRA." (Chang Cert. Ex. 1, at SCI 7943).

[4] Amended Complaint ¶¶ 27-29, which presumably (but not expressly) refer to Abby and Peter Kohnstamm, insinuate the reason they chose not to acquire General Color stock was "because they were aware of or otherwise on notice of potential environmental problems with the Camden Property." In the New Jersey litigation, Plaintiff's counsel initially and similarly suggested to the Court at oral argument on the motion to dismiss that "Abby and Peter elected not to take General Color stock, because they recognized the environmental problems", but then apologized to the Court for "misstat[ing] the record", conceding "in fact, the affidavits do say that they recognized that Universal had no interest in this because of the environmental issues. And ultimately, they elected not to take the stock. And I think that's a fair characterization of what it was that was done." (Lampert Decl. Ex. A, Tr. 18, 27-28).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date set forth below true and correct copies of the Reply

Memorandum of Defendants Abby and Sarah Kohnstamm In Support of Motion To Dismiss

Plaintiff's Amended Complaint were served by electronic filing:

> Mary M. Chang, Esquire
> Christopher R. Strianese, Esquire
> Bryan Cave, LLP
> 1290 Avenue of the Americas
> New York, New York 10104
>
> John F. Stoviak, Esquire
> Saul Ewing LLP
> Centre Square West
> 1500 market Street
> 38th Fl
> Philadelphia, PA  19102

_____
Robert N. Feltoon

Dated:  January 15, 2008



CONRAD O'BRIEN GELLMAN & ROHN, P.C.
By:    Robert N. Feltoon and Jaime Kaigh
Laurel Oak Corporate Center
1000 Haddonfield-Berlin Road
Suite 202
Voorhees, New Jersey
(856) 309-3373
(856) 309-3375 (fax)
Attorney for Third-Party Defendant Abby F. Kohnstamm

| | | |
|---|---|---|
| Pleasant Gardens Realty Corporation | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION – CAMDEN COUNTY |
| Plaintiff | : | DOCKET NO.: L 6579-03 |
| | : | |
| v. | : | Civil Action |
| | : | |
| H. Kohnstamm & Company, Inc. et al. , | : | |
| | : | |
| Defendants | : | CERTIFICATION OF |
| | : | ABBY F. KOHNSTAMM |
| Sensient Colors Inc., | : | |
| | : | |
| Defendant and Third Party | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| David C. Beal, et al., | : | |
| | : | |
| Third Party Defendants. | : | |

ABBY F. KOHNSTAMM, being of full age, certifies and says:

1.    I am named as a third party defendant in paragraph 5 of the Third Party Complaint ("TPC") in this matter.  I submit this certification in support of the motion brought by the third party defendants to dismiss the TPC for lack of personal jurisdiction.

2.    I make this certification on personal knowledge, based on information currently available to me or recalled by me to the best of my recollection.

3. I am married to third party defendant Peter L. Kohnstamm, named in paragraph 16 of the TPC. Third party defendant Sarah F. Kohnstamm, named in paragraph 17 of the TPC, is our daughter.

4. I have never resided in the State of New Jersey. I have never owned or rented real property in New Jersey. I have never owned, rented or had assigned to me by any employer a work-related office of any kind in New Jersey. I have never paid income tax to the State of New Jersey nor held a bank account in New Jersey. I have never been party to a lawsuit brought in federal or state court in New Jersey (other than this present case), nor have I been a witness in any proceeding in any New Jersey court.

5. I was born in California and moved with my family to the State of New York when I was a child. Except during the four years that I attended college in Massachusetts, I have resided in New York exclusively since that time.

6. Following graduation from college, I attended graduate school in New York from 1975 through 1979.

7. I was employed by American Express Company between 1979 and 1993. My office at all times was located in New York. During my employment with American Express, I was not involved in any company business activities directed exclusively or primarily to New Jersey.

8. I have been employed since 1993 by International Business Machines Corporation ("IBM"), and currently serve as a marketing executive. My IBM office is now and always has been located in New York. I have not been involved in any IBM business activities directed exclusively or primarily to New Jersey.

9.      From 1979, when I began full-time employment, through today, I have visited New Jersey solely for social reasons or to fly out of or into Newark Liberty International Airport. I estimate that I have been present in New Jersey on no more than an average of five occasions annually throughout this period.

10.      The TPC discusses a company formerly known as H. Kohnstamm & Co., Inc. ("H. Kohnstamm"), which, according to the Complaint, was a New York corporation. According to the Complaint and TPC, through a series of name changes H. Kohnstamm is now known as Sensient Colors, Inc., a defendant and the third party plaintiff. I became a shareholder of H. Kohnstamm in or about 1978 as a consequence of receiving 100 shares of H. Kohnstamm stock as a gift. I never owned more than 100 shares of H. Kohnstamm stock. My understanding based on the documents attached to the TPC is that my 100 shares represented approximately one-hundredth of one percent of the shares of H. Kohnstamm.

11.      I never was an employee of H. Kohnstamm, nor was I ever retained by that company as an independent contractor or consultant. I never served as an officer or director of H. Kohnstamm nor held any other position or title with the company. I had no involvement at any time in any business activity of H. Kohnstamm. I had no ability at any time to control or direct the management of H. Kohnstamm on any aspect of its business. With one possible exception, I never attended shareholder meetings of H. Kohnstamm. If I did attend one such meeting, which I am unable to recall with certainty, the meeting was unrelated to the events recounted in the TPC.

3

12. The TPC references property formerly owned by H. Kohnstamm located at 31st and Lemuel Streets, Camden, New Jersey. I faintly recall briefly visiting, on one occasion many years ago, one site in New Jersey operated by H. Kohnstamm, during which visit I was accompanied by my husband Peter and one or both of our young children. This was a purely social visit to my husband's late father, Paul Kohnstamm, who was involved in managing the company, and was not for any business purpose. I do not recall if the one site I visited was the Camden site referenced in the TPC or another site operated by H. Kohnstamm located elsewhere in New Jersey. Other than this one visit, I have no recollection of visiting any H. Kohnstamm location in New Jersey on any other occasion.

13. Paragraphs 24 through 27 of the TPC discuss what the TPC calls the "1988 Transaction" in which, among other things, the stock of H. Kohnstamm was sold to Universal Foods Corporation. I was not consulted by H. Kohnstamm or any representative thereof concerning any aspect of the 1988 Transaction, and I played no role in it.

14. Based on a document my attorney in this case was able to obtain, I understand that a Special Shareholders Meeting of H. Kohnstamm took place in New York City on or about September 7, 1988 concerning the proposed 1988 Transaction. To the best of my recollection, I did not attend that meeting.

15. Paragraph 29 of the TPC references the "1988 Transaction Agreement," a copy of which is attached to the TPC. I have no recollection of having seen that document in draft or final form before recently receiving a copy in connection with this

4

lawsuit. My signature is not on the copy attached to the TPC and, to my knowledge, I never executed the Agreement.

16. Paragraph 30 of the TPC contends that each of the third party defendants was a "Selling Shareholder" under the 1988 Transaction Agreement. My legal counsel has pointed out to me that "Selling Shareholder" is specifically defined on page one of the 1988 Transaction Agreement as "the shareholders of the Company [H. Kohnstamm] who have executed this Agreement." To my knowledge, I never executed the 1988 Transaction Agreement, nor did I authorize anyone to execute it on my behalf. Accordingly, the allegation in the TPC is not correct that I was a "Selling Shareholder" under the terms of the 1988 Transaction Agreement.

17. Paragraph 25 of the TPC contends that as part of the 1988 Transaction, the Kohnstamm family members who were shareholders of H. Kohnstamm received shares of General Color Company in return for his or her shares of H. Kohnstamm. That allegation as to me is inaccurate. In late 1988-early 1989, my husband, Peter L. Kohnstamm, and I advised outside legal counsel for H. Kohnstamm, who was located in New York, that we did not wish to receive shares of General Color Company, nor should such shares be issued to our then-minor daughter Sarah.

18. Paragraphs 29 and 32 through 36 of the TPC discuss an application submitted to the New Jersey Department of Environmental Protection ("DEP") for issuance of what the TPC refers to as an "ECRA letter of non-applicability," and correspondence to and from DEP on this subject are attached to the TPC. I had no involvement of any kind in this application. I was not consulted by anyone

5

associated with or representing H. Kohnstamm concerning this application nor any statements contained therein, nor did I advise anyone associated with or representing H. Kohnstamm concerning the application or any statements therein. I have no recollection of seeing the letters to or from DEP until receiving copies of them in connection with this lawsuit.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*Abby F. Kohnstamm*

Abby F. Kohnstamm

Dated: *Nov. 28, 2005*

6

# B

CONRAD O'BRIEN GELLMAN & ROHN, P.C.
By:    Robert N. Feltoon and Jaime Kaigh
Laurel Oak Corporate Center
1000 Haddonfield-Berlin Road
Suite 202
Voorhees, New Jersey
(856) 309-3373
(856) 309-3375 (fax)

Attorney for Third-Party Defendant Abby F. Kohnstamm

| | | |
|---|---|---|
| Pleasant Gardens Realty Corporation | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION – CAMDEN COUNTY |
| Plaintiff | : | DOCKET NO.: L 6579-03 |
| | : | |
| v. | : | Civil Action |
| | : | |
| H. Kohnstamm & Company, Inc. et al., | : | |
| | : | **ANSWERS OF THIRD PARTY** |
| Defendants | : | **DEFENDANT ABBY F. KOHNSTAMM** |
| | : | **TO SENSIENT COLORS INC.'S** |
| Sensient Colors Inc., | : | **INTERROGATORIES** |
| | : | |
| Defendant and Third Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| David C. Beal, et al., | : | |
| | : | |
| Third Party Defendants. | : | |

Third party defendant Abby F. Kohnstamm hereby responds to the interrogatories of the third party plaintiff, Sensient Colors Inc. dated December 16, 2005.

1.    Prior to the closing on September 7, 1988 of the 1988 Transaction, did you receive a copy of the Agreement and Plan of Reorganization?

**Response:**  As stated in paragraph 15 of my certification submitted to the Court in this case, I have no recollection of receiving or seeing the "Agreement and Plan of Reorganization" in draft or final form before being joined in this lawsuit.  My signature is not on the copy of that

document attached to the third party complaint and to my knowledge I never executed any copy of that document.

2

2.    Prior to the closing on September 7, 1988 Transaction, did you receive a copy of the Prospectus/Proxy Statement?

**Response:**  I have no recollection of receiving or seeing a copy of the "Prospectus/Proxy Statement" before being joined in this lawsuit. My counsel in this case sent a copy of it to me. As indicated in paragraph 14 of my certification, I understand based on that document that a Special Meeting of Shareholders of H. Kohnstamm took place in New York City on or about September 7, 1988 concerning the proposed transaction described in the Prospectus/Proxy Statement. To the best of my knowledge I did not attend that meeting.

3

3.     Prior to the issuance of your husband's letter to Robert Davidson dated October 4, 1988 (PETKOHN 0052), were you a party to any Communication with a Kohnstamm Family Shareholder related to the 1988 Transaction? If so, please Identify such Communication.

**Response:** Yes. I do not recall who I spoke with regarding the "1988 Transaction" other than my husband Peter. What I do recall learning, possibly from my husband Peter, is that the stock of H. Kohnstamm was to be sold to another company known as Universal; that Universal would not be acquiring ownership of some H. Kohnstamm properties located in New Jersey because Universal had concerns regarding possible environmental claims involving those properties; and that the then-current shareholders of H. Kohnstamm had the opportunity to become shareholders of a company called General Color which would hold title to the New Jersey locations that were not part of the sale of H. Kohnstamm to Universal.

4

4.　　Prior to the issuance of your husband's letter to Robert Davidson dated October 4, 1988 (PETKOHN 0052), were you aware of any actual or potential environmental liabilities related to the General Color Property?

**Response:** I had no first or second hand knowledge of any actual or potential

environmental liabilities related to the General Color Property. The only understanding I had

relating to this question is stated in my answer to question 3. To add to that answer, I did not

know then, and do not know now, the factual or legal basis of Universal's concerns regarding

former New Jersey properties of H. Kohnstamm.

5

5.     Did you authorize your husband to ask Robert Davidson, by letter dated October 4, 1988 (PETKOHN 0052) to transfer all shares of General Color that you would be receiving to the Paul L. Kohnstamm Charitable Trust? If so, describe the reason(s) why.

**Response:**   I recall informing my husband Peter that I did not wish to become a

shareholder of General Color, but I do not recall informing him that the General Color shares

that could have been issued to me should be transferred to any particular person or entity

including the Paul L. Kohnstamm Charitable Trust.

6

6.    Was your decision to request transfer of all share of General Color that you would be receiving to the Paul L. Kohnstamm Charitable Trust based in whole or in part on actual or potential environmental liabilities related to the General Color Property?

**Response:**  As stated in my answer to question 5, I do not recall making a decision that

General Color shares available to me should be transferred specifically to the Paul L.

Kohnstamm Charitable Trust.  With that clarification, my reason for not wishing to become a

shareholder of General Color is contained in my answers to questions 3 and 4, *i.e.*, based on my

understanding that Universal had concerns regarding possible environmental claims involving

New Jersey properties of H. Kohnstamm (for reasons unknown to me), I concluded that I did not

wish to become a shareholder of General Color since it would be the owner of the same locations

that Universal declined to acquire.

7.      Did you sign the Shareholders Agreement related to the 1988 Transaction, which was sent to you by letters dated September 30, 1988 (PETKOHN 00118-0019), and January 6, 1989 (PETKOHN 0031-0032)?  If not, describe why not.

**Response:**  I signed the "Shareholders Agreement" at the specific request of outside

counsel to H. Kohnstamm, as reflected in a letter he wrote to me dated March 14, 1989, which I

understand has been supplied in this case to counsel for Sensient Colors Inc.  As stated in that

letter, H. Kohnstamm's counsel requested that I sign the "Shareholders Agreement" even though

I would not be receiving shares of General Color, since the Shareholders Agreement also

concerned Universal shares that were to be issued to me as a former minority shareholder of H.

Kohnstamm.

8

8.    Did you sign the Representation Letter related to the 1988 Transaction, which was sent to you by letters dated September 30, 1988 (PETKOHN 0018-0019), and January 6, 1989 (PETKOHN 0031-0032)? If not, describe why not.

**Response:**  I did not sign the "Representation Letter" at the specific direction of counsel for H. Kohnstamm, per the March 14, 1989 letter referenced in my answer to question 7. As counsel stated in that letter, I did not have to sign the Representation Letter since I would not be receiving shares of General Color.

CONRAD O'BRIEN GELLMAN & ROHN, P.C.

By: _Robert N. Feltoon_____
Robert N. Feltoon, Esquire
Jaime Kaigh, Esquire
Laurel Oak Corporate Center
1000 Haddonfield-Berlin Road
Suite 202
Voorhees, New Jersey
(856) 309-3373
(856) 309-3375 (fax)

Dated: December 30, 2005

10

## CERTIFICATION

I, Abby F. Kohnstamm, certify that the facts set forth in my responses to Sensient Colors Inc.'s Interrogatories are true and correct to the best of my knowledge, information and belief. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*Abby F. Kohnstamm*

Abby F. Kohnstamm

Dated: Dec. 29, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I caused true and correct copies of Abby

F. Kohnstamm's Answers to Sensient Colors Inc.'s Interrogatories to be served upon the

following persons via email and first class mail at the addresses indicated below:

> Michael A. Bogdonoff, Esquire
> John M. Ix, Esquire
> Dechert LLP
> Princeton Pike Corporate Center
> P.O. Box 5218
> Princeton, New Jersey 08543-5218
>
> *Attorneys for Defendants*
> *H. Kohnstamm & Company, Inc., Warner-Jenkinson Company, Inc.,*
> *Sensient Colors, Inc., Sensient Technologies Corporation, formerly*
> *known as Universal Foods Corporation and Universal Foods Corporation*
>
> Joseph P. McGroarty, Esquire
> Fitzgerald, McGroarty & Lipari
> 401 New Road, Suite 104
> Linwood, New Jersey 08221
>
> *Attorneys for Plaintiff Pleasant Gardens Realty Corporation*
>
> Joseph R. Loverdi, Esquire
> John F. Stoviak, Esquire
> Saul Ewing LLP
> Centre Square West
> 1500 Market Street, 38th Floor
> Philadelphia, PA 19102-2186
>
> *Attorneys for Third-Party Defendants*
>
> *Daniel Frank Kohnstamm, Elizabeth Bryan Kohnstamm,*
> *Joshua G. Kohnstamm, Mary L. Kohnstamm,*
> *Paul Kenneth Kohnstamm, Peter L. Kohnstamm,*
> *Ricka Robb Kohnstamm and  Adam Michael Kohnstamm*

Dennis J. Krumholz, Esquire
Jay Eversman, Esquire
Riker Danzig Scherer Hyland & Perretti LLP
Headquarters Plaza, One Speedwell Avenue
Morristown, New Jersey 07962-1981

*Attorneys for Third-Party Defendants*
*Richard L. Kohnstamm, David Kohnstamm,*
*Jeffrey Kohnstamm, John Kohnstamm and*
*Kevin Kohnstamm*

Robert N. Feltoon

Dated:  December 30, 2005