UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

SENSIENT COLORS, INC.,

        Plaintiff,     :   07 Civ. 7846 (LAP)

  -against-                       :   ORDER

ABBY F. KOHNSTAMM et al.,

        Defendants.

------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/3/08
```

LORETTA A. PRESKA, U.S.D.J.:

    Before the Court is a motion to dismiss the Amended Complaint in this case (dkt. no. 13). The Amended Complaint alleges that Defendants, all shareholders of H. Kohnstamm & Co., Inc., acting both individually and as part of a conspiracy, are responsible for environmental liabilities associated with certain property located in Camden, New Jersey.

    A virtually identical case has been filed against different members of the Kohnstamm family in Minnesota, with the defendants there represented by the same counsel as in the instant action. On March 10, 2008, Judge Ann D. Montgomery issued a Memorandum Opinion and Order granting in part and denying in part the defendants' motion to dismiss Sensient's Complaint. See Sensient Colors, Inc. v. Paul Kenneth Kohnstamm et al., No 07-3410 (ADM/AJB) (D. Minn. Mar. 10, 2008).

The parties are requested to brief the issue of why this Court should not stay the instant case pending the resolution of the Minnesota action in light of the obvious interest in avoiding duplicative litigation. See, e.g., Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976) ("As between federal district courts . . . the general principle is to avoid duplicative litigation."); Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit.")(citation omitted); see also Kappel v. Comfort, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)(discussing the factors courts will consider when considering a stay for the purpose of avoiding duplicative litigation).

The fact that this action names different individual defendants is not determinative of this question. See e.g., Landis v. North Am. Co., 299 U.S. 248, 256 (1937) ("True, a decision in the cause then pending in New York may not settle every question of fact and law in suits by other companies, but in all likelihood it will settle many and simplify them all.") Moreover, if the facts alleged in the Amended Complaint are true, the defendants here could be found to be in privity with the defendants in the Minnesota action. Absent a showing that their interests are not adequately represented there, the

general rule against duplicative litigation would apply. See, e.g., Barclay v. Lowe, 2005 WL 1220813, at *2 (2d Cir. 2005). Indeed these defendants may even be collaterally estopped from litigating any issues previously litigated in Minnesota. See, e.g., Stichting Ter Behartiging Van De Belangen Van Oudaandeelhouders In Het Kapitaal Van Saybolt Int'l B.V. v. Schreiber, 327 F.3d 173, 184-88 (2d Cir. 2003).

Briefs shall be no more than ten pages filed by June 30, 2008. Pending the resolution of this issue, the motion to dismiss (dkt. no. 13) is stayed.

SO ORDERED:

Dated:   New York, New York
         ~~May~~ June 2, 2008

*/s/ Loretta A. Preska*
LORETTA A. PRESKA, U.S.D.J.

- 3 -