SAUL EWING LLP
A Delaware LLP
750 College Drive East, Suite 100
Princeton, NJ 08540
(609) 452-3100
Attorneys for Defendants Peter L. Kohnstamm and Elizabeth K. Ogden

| | |
|---|---|
| SENSIENT COLORS INC., | UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK |
| Plaintiff, | |
| vs. | Case No. 07 CIV 7846 (LAP) |
| ABBY F. KOHNSTAMM; PETER L. KOHNSTAMM; SARAH F. KOHNSTAMM; ELIZABETH K. OGDEN; RICHARD L. OGDEN; THOMAS H. OGDEN; JOHN DOE INDIVIDUALS 1-20 (fictitious names); and ABC COMPANIES 1-20 (fictitious names), | CIVIL ACTION (Filed Electronically) |
| Defendants. | |

**BRIEF OF DEFENDANTS PETER L. KOHNSTAMM AND ELIZABETH K. OGDEN OPPOSING STAY OF THIS ACTION
PENDING RESOLUTION OF THE DISTRICT COURT OF MINNESOTA ACTION**

I.   **INTRODUCTION**

Defendants Peter L. Kohnstamm and Elizabeth K. Ogden submit this Brief pursuant to this Court's Order of June 3, 2008.[1] In the wake of the Opinion and Order issued by Judge Ann D. Montgomery in a matter pending in the United States District Court for the District of Minnesota (the "Minnesota Action"), this Court has requested briefing by the parties on the question of "why this Court should not stay the instant case pending resolution of the Minnesota action." It would be wholly inappropriate for the Court to stay this case for a variety of reasons.

First, neither the pendency of the Minnesota Action, nor the Minnesota Court's Opinion and Order ruling on Defendants' Motion to Dismiss therein, has any impact on the ability of this Court to proceed with this matter, or on the Court's consideration of Defendants' pending Motion to Dismiss. This action and the Minnesota Action are not identical, as Plaintiff contends. The individuals named as Defendants here are different from those named in the Minnesota Action, and the parties in the two cases are not in privity, such that there can be no preclusive effect of the Minnesota Action on the Defendants here. Under these circumstances, this Court should not impede the progress of this matter unnecessarily by imposing a stay, and should not consider the ruling on the Minnesota defendants' Motion to Dismiss in the Minnesota Action determinative of the action pending here.

Moreover, the parties' respective interests weigh in favor of allowing this action to continue. A stay of this matter would unfairly prejudice Defendants' interest in achieving final resolution of this matter in an expeditious way, and Defendants' interest in having New York substantive and procedural law applied by a New York Court to evaluate the claims against

---

[1]   A separate Brief pursuant to the Court's June 3, 2008 Order is being submitted contemporaneously by counsel for Defendants Abby F. Kohnstamm and Sarah F. Kohnstamm, who are represented by separate counsel.

them. By contrast, Plaintiff will endure no unfair inconvenience or burden if this matter is allowed to proceed. In short, and for each of the reasons described in further detail below, a stay of this matter should not be imposed pending resolution of the Minnesota Action, and the Court should proceed to rule on Defendants' pending Motion to Dismiss.

## II. ARGUMENT

### A. The Balance of the Parties' Respective Interests Weighs Overwhelmingly Against Staying The Current Action.

An evaluation of each of the relevant factors to be considered by the Court in determining whether to impose a stay makes plain that the present action should *not* be stayed pending resolution of the Minnesota Action. These factors include "(1) the identity of the parties and the similarity of the issues; (2) promotion of judicial efficiency; (3) adequacy of relief in the alternative forum; (4) convenience to the parties, counsel and witnesses; (5) possibility of prejudice to any of the parties; and (6) timing of the filing of the actions." See Loraney Sports Inc. v. Glastic Corp., No. 96 Civ. 2239, 1997 WL 109473, at *2 (S.D.N.Y. Mar. 10, 1997) (citing Caspian Investments, Ltd. v. Viacom Holdings, Ltd., 770 F. Supp. 880, 884 (S.D.N.Y. 1991)). While it is well within the Court's power to stay an action in the interest of avoiding duplicative litigation in multiple jurisdictions, the situation presented here does not warrant the exercise of that power for all of the reasons that follow.

#### 1. The Minnesota Action is Not "Virtually Identical" to This Action.

*None* of the Defendants before the Court here is a defendant in the Minnesota Action. The four served Defendants in this matter are Peter L. Kohnstamm, Elizabeth K. Ogden (Peter's 85 year-old aunt), Abby F. Kohnstamm[2] and Sarah F. Kohnstamm (Peter's and Abby's daughter,

---

[2] Abby Kohnstamm is married to, but legally separated from, Peter Kohnstamm.

who was four years old at the time of the 1988 Transaction).[3] While the 1988 Transaction forms the basis of Plaintiff's allegations against both the Defendants here and the Minnesota Action defendants, these groups of Defendants are not similarly situated with regard to the facts relating to the 1988 Transaction. Specifically, while each of the Minnesota Action defendants are alleged to have received shares of General Color, a New Jersey corporation, in conjunction with the 1988 Transaction, *three of the four* Defendants here *never* became shareholders in General Color. As such, a consideration squarely relied upon by the Court in the Minnesota Action in deciding to apply New Jersey law to Plaintiff's veil-piercing claims is entirely absent from this action.[4] As described below, with regard to the Defendants here, the law of New York, and not New Jersey, is properly applied to analyze Plaintiff's veil-piercing allegations.

    2.    **Defendants' Interests in the Outcome of this Action Will Be Unfairly Prejudiced if this Action is Stayed.**

        a.    **The Defendants Here Will Be Unfairly Prejudiced if New York Law is Not Applied to Plaintiff's Veil-Piercing Claims.**

If this action is stayed, the ability of the Defendants in this matter to have New York law applied to the veil-piercing claims against them will be unfairly jeopardized. The standards for corporate veil-piercing under the laws of New York and New Jersey differ, in that New York law holds plaintiffs to a more rigorous three-part test to establish a defendant's liability through veil-piercing, as described below. As Defendants previously urged this Court in their Motion to

---

[3]    The "1988 Transaction" refers to the transaction whereby the stock of Plaintiff Sensient Colors, Inc. (then known as H. Kohnstamm & Co.) was purchased by Universal Foods in 1988. As part of the 1988 Transaction, H. Kohnstamm spun off what had been a wholly-owned subsidiary, General Color Company ("General Color"), to certain H. Kohnstamm shareholders related by birth or marriage to H. Kohnstamm's then-Chairman, Paul Kohnstamm, who is now deceased.

[4]    It is additionally noteworthy that unlike in the Minnesota Action, none of the Defendants here was a director of H. Kohnstamm at the time of the 1988 Transaction.

Dismiss briefing in this matter, New York law should be applied to evaluate Plaintiff's attempt to pierce the corporate veil of H. Kohnstamm, a New York corporation, to impose liability on New York residents who were former minority shareholders in the New York corporation. Given Defendants' status as former minority shareholders of the New York corporation, issues relating to the "existence and extent" of Defendants' alleged liability arising from a corporate veil-piercing claim are properly adjudicated under New York corporate law. See, e.g., RESTATEMENT (SECOND) OF CONFLICT OF LAWS: SHAREHOLDER LIABILITY § 307 ("The local law of the state of incorporation will be applied to determine the existence and extent of a shareholder's liability to the corporation for assessments or contributions."); see also CognexCorp. v. VCodeHoldings, Inc., Civ. No. 06-1040 (JNE/JJG), 2006 WL 3043129, at *9 (D. Minn. Oct. 24, 2006) (concluding that "[q]uestions of business entity are controlled by law of the jurisdiction where organization is executed" and applying this rationale in determining which state's "alter ego" test applied).

The stringent standard for piercing the corporate veil under New York law places the burden on the Plaintiff to plead and prove three distinct things:

> (1) the owner has exercised such control that the corporation has become a mere instrumentality of the owner, which is the real actor; (2) such control has been used to commit a fraud or other wrong; and (3) the fraud or wrong results in an unjust loss or injury to the plaintiff.

See Freeman v. Complex Computing Co., 119 F.3d 1044, 1052 (2d Cir. 1997) (citations omitted); see also Morris v. New York State Dep't of Taxation & Fin., 603 N.Y.S.2d 807, 810-11 (N.Y. 1993) (holding that in order to pierce the corporate veil under New York law, a plaintiff must prove that the owners exercised complete domination of the corporation in respect to the disputed transaction and that such domination was used to commit a fraud or wrong against the

plaintiff, which fraud resulted in plaintiff's injury); cf. State v. Ventron, 468 A.2d 150, 164 (N.J. 1983) (recognizing that in order to pierce the corporate veil under New Jersey law, a plaintiff must prove first, that the subsidiary was a mere instrumentality or alter ego of its owner, and second, that the owner abused the business to perpetrate a fraud, injustice, or otherwise circumvent the law, without specifically requiring that the fraud be connected to the resultant injury). While Plaintiff's allegations here are inadequate to justify the extraordinary relief of piercing the corporate veil under either New York law or New Jersey law, Defendants here are properly entitled to have New York's more rigorous test applied.

A stay of this action would not only jeopardize Defendants' ability to have New York's substantive law of veil-piercing apply, but would also unfairly strip from Defendants here the protection of the stringent pleading standards applied by this Court in evaluating veil-piercing claims, regardless of whether the substantive law of New York or New Jersey is applied. As set forth in detail in Defendants' briefing in support of their pending Motion to Dismiss, this Court carefully scrutinizes veil-piercing allegations at the pleading stage and will readily dismiss complaints where the allegations are insufficient. See, e.g., Northrop Grumman Overseas Serv. Corp. v. Banco Wiese Sudameries, 2004 WL 2199547, at *11 (S.D.N.Y. Sept. 29, 2004) (Preska, J.) (granting motion to dismiss where plaintiff offered only conclusory allegations of veil-piercing factors without adequate factual support); see also Jones v. Consumer Info. Dispute Resolution, 2007 WL 2398811 (S.D.N.Y. Aug. 16, 2007) (Preska, J.) (recognizing "flexible 'plausibility standard' articulated in Bell Atlantic v. Twombly, 127 S. Ct. 1255 (2007), which

obliges a pleader to amplify [his] claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible").[5]

Likewise, in evaluating the viability of veil-piercing allegations in a plaintiff's complaint, this Court does not tolerate vague, sweeping allegations of general conduct that "lump together" a group of individual defendants without any differentiation among them, and will dismiss complaints containing such defective allegations. See United Mizrahi Bank Ltd. v. Sullivan, 2000 WL 1678040, at *3 (S.D.N.Y. Dec. 8, 2004) (concluding that it was improper for plaintiff's complaint alleging veil-piercing to "lump[] all of the Sullivan family together as one actor and all of the Sullivan family corporations as one enterprise, arguing that the Sullivan family is the alter ego of the enterprise); Appalachian Enter., Inc. v. Epayment Solutions Ltd., 2004 WL 2813121, at *7 (S.D.N.Y. Dec. 8, 2004) ("A plaintiff fails to satisfy rule 8, where the complaint 'lump[s] together and fail[s] to distinguish their conduct' because such 'allegations fail to give adequate notice to the[] defendants as to what they did wrong'"). By contrast, the Court in the Minnesota Action concluded that Plaintiff's general allegations of this nature were sufficient to survive defendants' Motion to Dismiss in that action.

Put simply, the reasonable expectation of the Defendants here, as former minority shareholders of a New York corporation, is that New York law would apply in determining any alleged liability relating to their status as shareholders. Accordingly, if this action is stayed pending resolution of the Minnesota Action, the Defendants here will suffer unfair prejudice to

---

[5] By contrast, in the Minnesota Action, Judge Montgomery applied a far more lenient pleading standard for evaluating Plaintiff's veil-piercing allegations, citing Eighth Circuit precedent predating Twombly and stating that a motion to dismiss "should be granted as a practical matter . . . only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995).

their ability to have the rigorous scrutiny of New York substantive and procedural law applied to Plaintiff's veil-piercing allegations against them.

        **b.**    **The Interests of the Defendants Here in Securing Finality in the Current Action Will Be Unfairly Prejudiced if this Action is Stayed.**

If a stay were to be imposed, each day that this action would be delayed awaiting resolution of the Minnesota Action would deny Defendants here the benefit of finality, and would prejudice them by having the ongoing specter of litigation pending against them. Defendants here are not corporate entities with endless resources who are far removed from the impact and stress of litigation. Rather, Defendants here are individuals of various ages, some in their 80s, who have a personal and tangible stake in seeing this matter fully and finally resolved during their lifetimes. Imposing a stay in this matter will only serve to prolong the uncertainty for these individuals as long as this litigation proceeds. Such uncertainty is particularly unnecessary where the pending Motion to Dismiss could dispose of this matter entirely.

**B.**    **The Rulings of the Court in the Minnesota Action Can Have No Preclusive Effect on the Defendants in This Action As a Matter of Law In Any Event.**

If this action were stayed, neither the Minnesota Court's rulings on the Minnesota Defendants' Motion to Dismiss, nor any future rulings by the Minnesota Court, would be entitled to any consideration or deference by this Court based on principles of collateral estoppel, comity or otherwise. The doctrine of collateral estoppel "allows a judgment in a prior proceeding to bar a party and its privies from relitigating an issue if, but only if: (1) the issues in both proceedings are identical; (2) the issue in the prior proceeding was actually litigated and decided; (3) there was full and fair opportunity to litigate in the prior proceeding; and (3) the issue previously litigated was necessary to support a valid and final judgment on the merits." Stichting Ter Behartiging v. Schreiber, 327 F.3d 173, 181 n.2 (2d Cir. 2003). Because several of these

elements are missing here, any ruling or outcome in the Minnesota Action now and in the future can have no preclusive effect on the matter pending before this Court.

### 1. Defendants Here Are Not in Privity to Those in the Minnesota Action.

As an initial matter, as noted above, the Defendants here and the Minnesota Defendants are not the same individuals, and are absolutely not "in privity" for collateral estoppel purposes. A finding of privity between the Defendants here and the Minnesota Defendants would require far more than familial relationship, common interests or even common representation, none of which factors is conclusive. Rather, it would require a demonstration that the Defendants here somehow exercised "actual control" and had "active participation" in "the presentation of [the Minnesota Defendants'] case at the previous proceeding," and "directed the litigation" in some way. See Schreiber, 327 F.3d at 185-88. Because Plaintiff does not, and cannot, allege that the Defendants here had any role at all in the Minnesota Action, no privity can be found between the Defendants here and the Minnesota Defendants for collateral estoppel purposes.

Further, the fact that Plaintiff has made allegations of conspiracy between the Defendants here and those in the Minnesota Action has no bearing on whether these individuals may be determined to be in privity for collateral estoppel purposes. See State of New York v. Cedar Park Concrete Corp., 1997 WL 306909, * 10-11 (S.D.N.Y. Mar. 21, 1997) (Preska, J.), aff'd in relevant part, 202 F.3d 82, 86-87 (2d Cir. 2000); see also In re Merrill Lynch & Co., Inc. Research Reports Securities Litig., 305 F. Supp. 2d 323, 326 n.2 (S.D.N.Y. 2004) ("Plaintiffs appear to argue that the existence of a conspiracy could give rise to a relationship of privity between the parties. This argument has no legal merit, and is presented without citation to any case law or other authority that would suggest that it does. The authority is in fact to the contrary", citing this Court's ruling in Cedar Park Concrete Corp.). Accordingly, Plaintiff's

allegations of conspiracy between various Defendants here and in the Minnesota Action do nothing to establish privity among them.

### 2. None of the Remaining Factors Supporting the Application of Collateral Estoppel Exists Here.

Apart from the fact that the Defendants here and the Defendants in the Minnesota Action are not in privity, none of the various additional prerequisites to the application of collateral estoppel is present here. Among other things, there can be no finding of "identity of issues" in two proceedings, even where the issues "may bear the same label," where, as here, "the legal standards governing their resolution are significantly different." Metromedia Co. v. Fugazy, 983 F.2d 350, 365 (2d Cir. 1992); Jim Beam Brands Co. v. Beamish & Crawford Ltd., 937 F.2d 729, 734 (2d Cir. 1991). As described above, the Minnesota Court elected to evaluate Plaintiff's veil-piercing allegations under New Jersey law. Here, New York law is properly applied to evaluate whether to pierce the veil of a New York corporation.

Further, for precisely the same reasons that privity cannot be demonstrated here -- no exercise of control, substantial participation, or opportunity to present proof or arguments in the Minnesota Action on the part of the Defendants here -- it is obvious that the Defendants here have not had, and will not have, any "full and fair opportunity" to litigate their interests in the Minnesota Action. See United States Dep't of Justice v. Hudson, 2007 WL 2461783, at *3 (N.D.N.Y. Aug. 24, 2007); United States v. Davis, 906 F.2d 829, 833 (2d Cir. 1990). Without a full and fair opportunity to litigate relevant issues and raise appropriate defenses, the interests of the Defendants here have not been, and cannot be, adequately represented in the Minnesota Action. This forecloses any possibility of any ruling by the Court in the Minnesota Action as having any preclusive effect here based on principles of collateral estoppel, whether or not this action is stayed by the Court.

III. **CONCLUSION**

For all of the foregoing reasons, Defendants Peter L. Kohnstamm and Elizabeth K. Ogden respectfully submit that the instant action should not be stayed pending resolution of the action currently pending in Minnesota, and respectfully request that this Court proceed to rule on Defendants' pending Motion to Dismiss.

SAUL EWING LLP
Attorneys for Defendants Peter L. Kohnstamm
and Elizabeth K. Ogden

By: _____
   C. Michael Rowan, Esq.  (CR 3241)

John F. Stoviak, Esq.
(admitted *Pro Hac Vice*)
Cathleen M. Devlin, Esq.
(admitted *Pro Hac Vice*)
Saul Ewing LLP
1500 Market Street
Centre Square West, 38th Floor
Philadelphia, PA  19102
(215) 972-7777

SAUL EWING LLP
A Delaware LLP
750 College Drive East, Suite 100
Princeton, NJ 08540
(609) 452- 3100
Attorneys for Defendants Peter L. Kohnstamm and Elizabeth K. Ogden

| | |
|---|---|
| SENSIENT COLORS INC., | UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| Plaintiff, | |
| vs. | Case No. 07 CIV 7846 (LAP) |
| ABBY F. KOHNSTAMM; PETER L. KOHNSTAMM; SARAH F. KOHNSTAMM; ELIZABETH K. OGDEN; RICHARD L. OGDEN; THOMAS H. OGDEN; JOHN DOE INDIVIDUALS 1-20 (fictitious names); and ABC COMPANIES 1-20 (fictitious names), | CIVIL ACTION<br><br>**Declaration of Service**<br><br>(Filed Electronically) |
| Defendants. | |

I, MICHAEL ROWAN, hereby declare:

1. I am an associate with the law firm of Saul Ewing LLP, attorneys for Defendants Peter L. Kohnstamm and Elizabeth K. Ogden. As such, I am fully familiar with the facts set forth herein.

2. On June 30, 2008, I served Mary M. Chang, Esquire, Bryan Cave LLP, 290 Avenue of the Americas, New York, NY 10104, counsel for Plaintiff Sensient Colors, Inc., and Robert L. Feltoon, Esquire, Conrad, O'Brien, Gellman & Rohn, P.C., counsel for Defendants Abby F. Kohnstamm and Sarah F. Kohnstamm, 1515 Market Street, 16th Floor, Philadelphia,

-2-

Pennsylvania 19102, by U.S. Mail First Class, with the Brief Opposing a Stay of This Action Pending Resolution of the District Court of Minnesota Action.

I declare under penalty of perjury that the foregoing is true and correct.

_____
C. Michael Rowan (CR 3241)

Dated: June 30, 2008