UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
:
SENSIENT COLORS INC.,                    :
                                         :
          Plaintiff,                   :   Civil Action No. 07 CIV 7846 (LAP)
                                         :
     - against -                        :   Filed by ECF
                                         :
ABBY F. KOHNSTAMM; PETER L.              :
KOHNSTAMM; SARAH F. KOHNSTAMM;           :
ELIZABETH K. OGDEN; RICHARD L.           :
OGDEN; THOMAS H. OGDEN; JOHN DOE         :
INDIVIDUALS 1-20 (fictitious names); and ABC :
COMPANIES 1-20 (fictitious names),       :
                                         :
          Defendants.                  :
                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**MEMORANDUM OF LAW PURSUANT TO
ORDER OF HONORABLE LORETTA A. PRESKA DATED JUNE 2, 2008**


**BRYAN CAVE LLP**
1290 Avenue of the Americas
New York, New York  10104
(212) 541-2000
Attorneys for Plaintiff

## PRELIMINARY STATEMENT

This memorandum of law is submitted on behalf of Sensient Colors Inc. ("Sensient"), the Plaintiff in this action, pursuant to the Order of this Court dated June 2, 2008, requesting the parties to brief the issue of "why this Court should not stay the instant case pending the resolution of the Minnesota action in light of the obvious interest in avoiding duplicative litigation." For the reasons set forth below, Sensient does not object to a stay of this action pending resolution of the action in Minnesota.

## FACTS

This action, which arises out of Defendants' efforts to evade significant environmental liabilities associated with property they owned and controlled as a family through two closely held corporations, was commenced in this Court on September 6, 2007. Previously, in 2004, Sensient filed a third-party complaint against the Kohnstamm Family Shareholders, including Defendants, in the Superior Court of New Jersey, Law Division – Camden County, in an action styled Pleasant Gardens Realty Corporation v. H. Kohnstamm & Company, Inc., et al., Docket No. CAM-L-6579-03 ("New Jersey Action"), based on the same facts underlying this action. The New Jersey Court dismissed Sensient's third-party complaint as to certain defendants, including Defendants here, holding that it lacked personal jurisdiction over them. The New Jersey Court's decision, coupled with the fact that the Kohnstamm Family Shareholders are domiciled throughout the country, has forced Sensient to file actions against them in multiple jurisdictions.

As this Court is aware, two such actions have been commenced to date: this action and a virtually identical action against other members of the Kohnstamm Family currently pending in United States District Court for the District of Minnesota (the "Minnesota Action"). The

Minnesota Action was commenced prior to this action, on or about July 19, 2007. Defendants in both this and the Minnesota Action moved to dismiss the respective Complaints. On March 10, 2008, Honorable Ann D. Montgomery issued an Opinion and Order denying the Minnesota Defendants' motion to dismiss Sensient's Complaint in all respects, except that the Court dismissed that part of the Complaint that alleged that the Minnesota Defendants were liable as "operators" under CERCLA.

## ARGUMENT

### A.    This Court May Stay These Proceedings

This Court has the inherent power to stay any further proceedings in this action in favor of the Minnesota Action. See Landis v. North American Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). While Sensient is prepared to proceed vigorously against the Defendants in this and other jurisdictions, it is mindful that interests of judicial economy, the costs to the parties, and the desirability of avoiding inconsistent results militate against proceeding in multiple jurisdictions. See LaSala v. Needham & Co., Inc., 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005). Indeed, it has always been Sensient's position that the Kohnstamm Family Shareholders should be required to proceed together so as not to permit them to escape liability for a concerted scheme that they carried out as a family by pointing to acts and omissions of family members in other jurisdictions.

In determining whether to issue a stay, Courts analyze several factors, including: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the

2

defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. HMT, Inc. v. Bell BCI Co., No. 06 Civ. 6193T, 2007 WL 295328, *2 (W.D.N.Y. Jan. 30, 2007); see also, Kappel v. Comfort, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996). In balancing these factors on a case-by-case basis, the central focus is to avoid prejudice. See LaSala, 399 F. Supp. 2d at 427.

With respect to the first factor, Courts will generally grant a stay in situations where, as here, the Plaintiff does not object to a stay. Id. at 428 ("Courts are generally reluctant to stay proceedings because they are concerned with vindicating the plaintiff's right to proceed with its case.") (emphasis in original). Sensient does not object to delay proceeding here because, as this Court noted, the Minnesota Action "in all likelihood . . . will settle many [issues implicated in this action] and simplify them all." Landis, 299 U.S. at 256.

Second, there is no additional burden on the Defendants if this action is stayed. As noted above, allowing the Minnesota Action to proceed will reduce the litigation costs to the parties by simplifying the issues of this litigation. Indeed, to the extent possible, Sensient is prepared to conduct discovery in the Minnesota Action with an eye toward both actions, such that upon resolution of the Minnesota Action the parties here might only have to engage in limited additional discovery before proceeding to trial. Moreover, these Defendants will not be prejudiced by anything that happens in the Minnesota Action because the same law firm and lawyer who is taking the lead in the New York Action – Saul Ewing LLP by John Stoviak, Esq. – is also representing the Defendants in the Minnesota Action (and notably represented a significant number of the Defendants and other Kohnstamm Family Shareholders in the New Jersey Action).

Third, the federal courts have a clear interest in avoiding needless or duplicative expenditure of resources. See HMT, 2007 WL 295328 at * 3. Simultaneous proceedings on nearly identical actions would burden both courts and could lead to an inconsistent result.

**B.     The Defendants Here Will Likely Be Collaterally Estopped From Challenging Any Issues Decided Against Them In the Minnesota Action**

If Sensient prevails in the Minnesota Action, the Defendants here will likely be subject to the application of collateral estoppel by virtue of the fact that these Defendants are in privity with the Defendants in the Minnesota Action. If this Court were to so hold, it would obviate the need to conduct virtually identical proceedings in multiple jurisdictions.

Under New York law, "it is fundamental that a judgment in a prior action is binding not only on the parties to that action, but on those in privity with them." Ruiz v. Comm'r of Dep't of Transp. of City of New York, 858 F.2d 898, 903 (2d Cir. 1988). Privity exists where, as here, "a party's interest in litigation is virtually identical to an interest it had in a prior litigation, where it was not actually named …." Melwani v. Jain, No. 02 Civ. 1224 (DF), 2004 WL 1900356 at *2 (S.D.N.Y. Aug. 24, 2004).

In determining whether privity exists, the Second Circuit "places great weight on the overlap and coordination of legal counsel and has found privity where the attorney or attorneys for both parties 'formulated an overarching strategy for the two actions.'" Dear v. Bd. of Elections in the City of New York, No. 03 Civ. 3739 (ERK), 2003 WL 22077679 at *12 (E.D.N.Y. Aug. 25, 2003) (quoting Ruiz, 858 F.2d at 903); Ferris v. Cuevas, 118 F.3d 122, 126 (2d Cir. 1997) (finding that the Second Circuit "place[s] weight upon the fact that … two sets of [parties] shared a law firm which 'formulated an overarching strategy for the two actions'") (quoting Ruiz, 858 F.2d at 903). Indeed, the fact that parties have the same attorney is of "singular significance" in the privity analysis. Ferris, 118 F.3d at 126; Melwani, 2004 WL

4

1900356 at *2. The presumption of privity created by the existence of the same counsel is especially powerful in cases where the parties have a familial relationship as they do here. Ferris, 118 F.3d 128 n.6.

The issues of fact and law presented in this and the Minnesota Action are virtually identical. The Memoranda of Law filed by the Defendants in support of their motions to dismiss Sensient's Complaint in each action raise nearly identical arguments and legal theories and often use identical language. Significantly and as set forth above, Saul Ewing LLP by John Stoviak, Esq., representing Defendants in both this and the Minnesota Action, has taken the lead in the filing of all court papers and at oral argument. Indeed, Mr. Stoviak handled the oral argument before the Minnesota Court and repeatedly referenced both the New York and prior New Jersey Actions. Specifically, Mr. Stoviak argued that:

- "none of the minority shareholder defendants in this case or in the Southern District of New York case owned the Camden property or had a controlling interest in H. Kohnstamm." January 31, 2008, hearing before the Minnesota District Court pg. 5, 15-24.

- "I think it will go directly to trying to explain the 1988 transaction, as well as who the defendants are in this case as well as [sic] the defendants are in the case in the Southern District of New York." January 31, 2008, hearing before the Minnesota District Court pg. 3, 15-19.

In their Reply Memorandum of Law in the Minnesota Action, the Defendants (in a brief submitted by Saul Ewing LLP through local counsel) argued that:

- "Even when the Defendants' holdings are combined with the holdings of defendants named in Plaintiff's concurrent lawsuit in the U.S. District Court for the Southern District of New York, the total H. Kohnstamm stock ownership of this group at the time of the 1988 Transaction is less than 6.1% (or less than 12% if you count shares held in trust for the benefit of one of the New York defendants)."

Based on the above, it is clear that these Defendants, who have a familial relationship to the Minnesota Defendants: (i) have interests virtually identical to those of the Minnesota

Defendants; (ii) are represented primarily by the same counsel; and (iii) have formulated an overarching strategy in the pending actions that is an extension of the strategy they employed in the prior New Jersey Action (where Saul Ewing LLP by Mr. Stoviak handled the oral argument on behalf of many of the Defendants in that Court). Under well-settled principles of New York law, the resolution of the Minnesota Action will likely be entitled to the application of collateral estoppel as to these Defendants.[1] Based on the above, and in the interest of judicial economy, Sensient does not object to a stay of these proceedings pending the outcome of the Minnesota Action.

Dated: New York, New York
June 30, 2008

BRYAN CAVE LLP

_____
Mary M. Chang (MC 3345)
Christopher R. Strianese (CS 1017)

1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000
Attorneys for Plaintiff

---

[1] In addition, Sensient's civil conspiracy count connects the New York Defendants with the acts and declarations of the Minnesota Defendants. <u>Kashi v. Gratsos,</u> 790 F.2d 1050 (2d Cir. 1986). Therefore, if Sensient prevails in Minnesota and the New York Defendants are deemed to have committed the acts which are the basis for liability there, it would significantly narrow the triable issues in this jurisdiction.