USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/7/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

SENSIENT COLORS, INC.,

        Plaintiff,

  -against-

ABBY F. KOHNSTAMM et al.,

        Defendants.

------------------------------------x

07 Civ. 7846 (LAP)

ORDER

LORETTA A. PRESKA, U.S.D.J.:

    In response to a letter from Plaintiff directing the Court's attention to a decision in a related action pending in the District of Minnesota, the Court requested that the parties brief the question of why the Court should not stay the above-captioned action pending the outcome of the Minnesota litigation. See dkt. no. 29; see also Sensient Colors, Inc. v. Paul Kenneth Kohnstamm et al., 548 F. Supp. 2d 681 (D. Minn. 2008) (granting in part and denying in part the defendants' motion to dismiss). While Plaintiff argues in favor of staying the action, Defendants oppose. For the reasons set forth below, the stay will issue.

BACKGROUND

Plaintiff alleges that Defendants, all shareholders of H. Kohnstamm & Co., Inc., acting both individually and as part of a conspiracy, are responsible for environmental liabilities associated with certain property located in Camden, New Jersey. Plaintiff brought a third-party action against the Kohnstamm family in the Superior Court of New Jersey based on the same allegations in this case, but on February 3, 2006, the New Jersey Court dismissed Plaintiff's complaint as to certain defendants, including Defendants here, for lack of personal jurisdiction. As a result, Plaintiff has filed actions in multiple jurisdictions in order to obtain full relief on the facts alleged.

The Minnesota action was the first-filed action against the Kohnstamm shareholders, filed on July 19, 2007. The named defendants in the actions are, of course, different. The allegations forming the basis of the claims, however, are substantially the same. See Sensient Colors, 548 F. Supp. 2d 681; see also dkt. no. 10 ("Am. Compl."). Furthermore, the Court has reviewed the filings in the two actions and notes that the memoranda of law filed by the defendants in both suits raise nearly identical arguments and legal theories and even use identical language throughout. See Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take

judicial notice of documents filed in other courts, . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings").

## DISCUSSION

I. The Power of the Court to Stay Proceedings

As a general matter, courts have the inherent authority to stay an action in the interests of judicial economy. See, e.g., Landis v. North Am. Co., 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). Specifically, if the continued prosecution of a case will result in duplicative litigation, courts may stay the action. See, e.g., Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976) ("As between federal district courts . . . the general principle is to avoid duplicative litigation."); Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit.")(citation omitted).

II. Application to this Case

In deciding whether to grant a stay, courts will consider: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." Kappel v. Comfort, 914 F.Supp. 1056, 1058 (S.D.N.Y. 1996) (quoting Volmar Distribs. v. New York Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993)). In weighing the factors, the underlying goal is to avoid prejudice. Id.

The parties raise no concern about the interests of non-parties or the public in considering whether the Court should stay the instant action. The Court, however, is mindful of its general obligation to "exercise its jurisdiction over cases before it, and to guide those cases toward as speedy and inexpensive a conclusion as is consistent with permitting claims to be heard fairly." Id. at 1058-59. Nevertheless, weighing the remaining three considerations identified in Kappel, the Court concludes that issuing a stay in this case is the better course.

First and foremost, Plaintiff, while assuring the Court that it is "prepared to proceed vigorously" in this action,

favors the issuance of the stay. (See Pl.'s Mem. at 3).[1] The Court places considerable weight on this factor because courts "are generally reluctant to stay proceedings because they are concerned with vindicating the plaintiff's right to proceed with its case." LaSalla v. Needham & Co., Inc., 399 F. Supp. 2d 421, 428 (S.D.N.Y. 2005) (collecting cases).

Second, in light of the disfavored nature of duplicative litigation described above, the interests of the courts favor granting a stay. As between the District of Minnesota and this Court, the Minnesota action, as the first-filed action, should take priority. See Fort Howard Paper Co. v. William D. Witter, Inc., 787 F.2d 784, 790 (2d Cir. 1986). Moreover, while the Court makes no findings and expresses no view as to the applicability of the doctrine of collateral estoppel, if Plaintiff's allegations are true, it is at least possible that the Defendants here will be found to be in privity with the Minnesota defendants.[2] Such a determination can only be made after the conclusion of the Minnesota action. See Melwani v.

---

[1] "Pl.'s Mem." refers to Memorandum of Law Pursuant to Order Dated June 2, 2008 (dkt. no. 32).

[2] In the Court's order of June 2, 2008, it noted that the Defendants here are represented by the same counsel as the defendants in the Minnesota action. This is apparently untrue. Defendants Abby and Sarah Kohnstamm have retained separate counsel in this action (Robert N. Feltoon), though John F. Stoviak remains listed as one of the attorneys of record for Abby and Sarah Kohnstamm on the docket sheet.

Jain, 2004 WL 1900356, at *2 (S.D.N.Y. Aug. 24, 2004) (discussing the considerations that will bear on any privity inquiry, including the interests of the parties and whether the parties are represented by the same counsel).

Finally, Defendants have come forward with no interest of their own that would outweigh the competing interests in staying these proceedings. Defendants' principal argument is that they will be "unfairly prejudiced if New York law is not applied to Plaintiff's veil-piercing claims." (See Peter Kohnstamm and Elizabeth Ogden Mem. at 3-6; Abby and Sarah Kohnstamm Mem. at 3-4.)[3] But the Defendants will have the opportunity to argue that New York law does not permit piercing the corporate veil in these circumstances once the stay is lifted. The adjudication of that question on the merits, however, does not speak to the interests relevant to the issuance of the stay itself. Consequently the only interest that Defendants have identified in opposing the issuance of the stay is an interest in "securing finality in the current action." (See Peter Kohnstamm and Elizabeth Ogden Mem. at 7.) While this is a legitimate interest on the part of the Defendants, it is outweighed by the interests

---

[3] "Peter Kohnstamm and Elizabeth Ogden Mem." refers to Brief of Defendants Peter L. Kohnstamm and Elizabeth K. Ogden Opposing Stay of this Action Pending Resolution of the District Court of Minnesota Action (dkt. no. 31). "Abby and Sarah Kohnstamm Mem." refers to Memorandum Of Defendants Abby and Sarah Kohnstamm In Support Of Their Position That The Court Should Not Stay This Case Pending Resolution Of The Minnesota Action (dkt. no. 30).

of the Plaintiff and the courts in avoiding duplicative litigation and its accompanying costs. Finally, Defendants attempt to distinguish their case from those brought against the others members of the Kohnstamm family who are defendants in the Minnesota action. (See generally Abby and Sarah Kohnstamm Mem.) Putting to one side the question of whether the cases are "virtually identical," the cases are sufficiently similar such that the Court has little trouble concluding that "a decision in the cause then pending in [Minnesota] may not settle every question of fact and law . . . but in all likelihood it will settle many and simplify them all." Landis v. North Am. Co., 299 U.S. 248, 256 (1937).

CONCLUSION

For these reasons, the Court agrees that this action should be stayed. The Clerk of the Court is directed to place this action on the Court's suspense calendar. Accordingly, the pending motion to dismiss (dkt. no. 13) is denied without prejudice to renewal upon the lifting of the stay. Counsel shall confer and report to the Court by letter no later than October 15, 2008 as to the status of the Minnesota action.

SO ORDERED:

Dated:   New York, New York
         July  7 , 2008

*Loretta A. Preska* (signature)
LORETTA A. PRESKA, U.S.D.J.